Citation Nr: 1829626 
Decision Date: 06/28/18 Archive Date: 07/02/18

DOCKET NO. 09-08 941 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUES

1. Entitlement to an increased rating for residuals of non-Hodgkin's lymphoma, to include right orchiectomy and lymphadenectomy.

2. Entitlement to an increased rating for residuals of prostate cancer. 


REPRESENTATION

Appellant represented by: New Jersey Department of Military and Veterans' Affairs


ATTORNEY FOR THE BOARD

T. Wishard, Counsel


INTRODUCTION

The Veteran had active military service from October 1965 to July 1967. He died in May 2018.

These matters are before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA), Regional Office (RO) in Philadelphia, Pennsylvania. 

These matters were previously before the Board in September 2012 and were remanded for further development. 


FINDING OF FACT

According to the records of the Social Security Administration, the Veteran died in May 2018.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. 
§ 20.1302.


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 
38 C.F.R. § 20.1106 (2017).

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 
38 C.F.R. § 3.1010(b) (2017).


ORDER

The appeal is dismissed.



____________________________________________
M.C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs